UNITES STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JAN 29 P 3:07

FAZAL RAHEMAN
    PLAINTIFF

v                         C.A. -         DISTRICT COURT
                                        DISTRICT OF MASS.

UNITED STATES
    DEFENDANT

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION
## FOR CONVENING THREE-JUDGE COURT

On December 12, 2003, plaintiff filed the instant Complaint for an "urgent declaratory and injunctive relief" from an unconstitutional application of Massachusetts laws enshrined in MGL c209B and MGL c208 §31 as implicitly incorporated by reference in IPKCA[1] and threatened by the defendant. See Complaint. With the complaint, plaintiff also moved an application for convening a three-judge court pursuant to Steffel v Thompson, 39 L Ed 2d 505 (1974). The court clerk in a letter dated January 20, 2004, informed plaintiff that the case is under preliminary screening. This memorandum of law is respectfully submitted to provide the judicial authorities, so the court may promptly "notify to the chief judge of the circuit to convene a three-judge court". LaRouche v Fowler, 152 F 3d 974 (DC Cir 1998).

For the purpose of determining right to three-judge district court, "allegations of the compliant must be deemed to be true." Goosby v Osser, 35 L Ed 2d 36, 44, n7 (1973). Goosby court defined the threshold for a single district judge's refusal to convene a three-judge court only when "the plaintiff's constitutional challenge was legally frivolous and insubstantial." Page v Bartels, 248 F 3d 175, 191 (3rd Cir 2001) citing

---

[1] "Parental right" element of the IPKCA offense is "determined in reference to State law", which in Massachusetts essentially includes MGL c209B and MGL c208 §31. While §31 defines the various types of custody rights, MGL c209B assigns the courts the jurisdiction to deliberate on such rights. IPKCA offense cannot be constructed without the application of Massachusetts law. Therefore a declaration of the constitutional scope of these statutes is essential.

Goosby supra. "To be deemed frivolous, a constitutional claim must be essentially "fictitious", "wholly insubstantial" and "legally speaking non-existent." Id, 192 citing Bailey v Patterson, 7 L Ed 2d 512 (1902). Plaintiff's Steffel claims of continued and threatened unconstitutional application of Massachusetts law is neither "fictitious", nor "wholly insubstantial", nor "legally speaking non-existent". "A claim is substantial only if its unsoundness so clearly results from the previous decisions - - - and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Id, 192 citing Goosby supra. On the contrary previous decisions of the Massachusetts highest courts in MacDougall v Acres, 427 Mass 363 (1998), on MGL c209B, and Opinion of Justices to the Senate, 691 N E 2d 911, 914(1998) on MGL c208 §31, so overwhelmingly support plaintiff's Steffel claims of unconstitutional application of the Massachusetts law by the government. Even in Massachusetts case law "jurisdiction exists to restrain the enforcement of an - - - unconstitutional application of a valid statute." 42 Am Jur 2d §220 p80 (2000) quoting PBIC Inc. v DA of Suffolk County, 375 Mass 770 (1970). Citing the three-judge statute, Supreme Court held, "the section's requirement is jurisdictional, and if it applies, a single district judge has no power to act." Melucas v DeChamplain, 43 L Ed 2d 699, 708 (1975); also Withdrow v Larkin, 43 L Ed 2d 712, 722 n4b (1975).

Following the Supreme Court teachings in Goosby and Steffel, the single judge court has to accept the allegations in the complaint as true and convene a three-judge court, because the merits of such allegations is exclusively the province of a three-judge court, until of course successfully challenged by the defendant.

Respectfully submitted this the 26th day of January 2004.

Pro Se Plaintiff
Reg No. 46236-008
Federal Medical Center, Devens,
P Box 879,
Ayer, MA 01432

Fazal Raheman
Reg No 46236-008
Federal Medical Center, Devens,
P Box 879,
Ayer, MA 01432

FILED
IN CLERKS OFFICE

2004 JAN 29 P 3: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

January 26, 2004

Linn Weisman
Pro Se Office,
Office of the Clerk,
United States District Court,
One Courthouse Way,
Boston, MA 012210

Reference: Raheman v United States, C.A.- 03-40292-PBS

Dear Linn,

Thank you for your letter of January 20, 2004, informing the docketing of my complaint of above reference. I notice that the docket sheet does not indicate my application for appointing a three-judge court, which was filed with the complaint. Please find enclosed my Memorandum in support of my application for three-judge court. Please docket my application and the memorandum in support. Please also note my change in address effective February 18, 2004 as follows;

Fazal Raheman
C/o Nazim Shahzad
5003 Westland Boulevard, # B,
Baltimore, MD 21227

Thank you for your attention to this matter.

Sincerely,

Fazal Raheman